UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | EV 02-24-CR-Y/H |
| | ) | 3:03-cv-163-RLY-WGH |
| MICHAEL WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Michael Walker seeks relief pursuant to 28 U.S.C. § 2255 from his conviction entered in this court for a drug offense and for possession of a firearm in relation to a drug trafficking crime.

For the reasons explained in this Entry, Walker's motion for relief pursuant to § 2255 must be **denied.**

**Discussion**

Walker's convictions were entered as a result of his guilty plea, which was produced as part of his agreement with the United States. He was sentenced on February 3, 2005, after the court determined that the plea was knowingly and voluntarily entered and that there was a factual basis for the plea. The plea agreement between Walker and the United States provided, in part, that Walker expressly waived his right to appeal the conviction and any sentence imposed in this case "on any ground" and also waived what would otherwise have been his right to file a collateral challenge pursuant to § 2255. There was no appeal from this disposition.

The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied*, 516 U.S. 904 (1995). A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. *See e.g., Johnson v. United States*, 838 F.2d 201, 202 (7th Cir. 1988); *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir.

1985).  As a result, when a defendant fails to raise a claim at trial or on direct appeal, he may not proffer it as a ground for collateral attack unless he demonstrates good cause and prejudice. *Waldemer v. United States,* 106 F.3d 729, 731 (7th Cir. 1996). Claims of ineffective assistance of counsel are an exception to the rule of procedural default and generally may be raised during a collateral challenge.  See *Massaro v. United States,* 538 U.S. 500 (2003).

The United States first argues that Walker's claims, other than the claim that he was denied the effective assistance of counsel, are barred by procedural default because Walker failed to appeal the disposition here. Walker responds that he instructed his attorney to file an appeal, which as noted was not filed.

In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Supreme Court addressed the appropriate framework for judging an ineffective assistance of counsel claim predicated on counsel's failure to file a notice of appeal. The Court rejected the *per se* rule that "counsel must file a notice of appeal unless the defendant specifically instructs otherwise," as this rule was "inconsistent with *Strickland's* holding that the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 478 (citing *Strickland v. Washington,* 466 U.S. 668 (1984)). The Court elaborated, stating:

> If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Id.* The parties to this action for relief pursuant to 28 U.S.C. § 2255 are at odds with respect to whether defendant Walker instructed his attorney to file a notice of appeal following the issuance of judgment.

The Supreme Court has held that failure of defense counsel to file a notice of appeal despite being instructed to do so by his client constitutes *per se* ineffective assistance of counsel. Rodriguez v. United States, 395 U.S. 437 (1969); *see also Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir. 1994). In two recent district court decisions, *Tian v. United States,* 2005 WL 1713056 (S.D.N.Y. July 22, 2005), and *United States v. Mendez,* 2005 WL 1572327 (M.D.Fla. June 29, 2005), however, these respective courts considered whether the presence of an agreement waiving the defendant's right to appeal precluded relief even where, arguably at least, the defendant had instructed counsel to file an appeal. Each decision concluded that the terms of the plea agreement, meaning the waiver of the right to appeal, controlled.

This court reaches the same conclusion. Walker waived what would otherwise have been his right to file a direct appeal. Under these circumstances, his contention that his attorney was ineffective by not appealing is unavailing. The same conclusion is reached, as to the § 2255 claims other than that he was denied the effective assistance of counsel, as to the filing of the § 2255 action itself.

This leaves for resolution Walker's claim that he was denied the effective assistance of counsel. To support an ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668, 684 (1984), Walker must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 695. The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). The prejudice prong of *Strickland* requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; see also *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). A failure to establish either prong would result in a denial of Walker's claim. *See Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001).

The specification of ineffective assistance of counsel made by Walker is that his attorney failed to take an appeal from the disposition. The court has already determined that Walker was not prejudiced by the failure to file an appeal, because "to show prejudice . . . a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

On the basis of the foregoing, therefore, Walker's motion for relief pursuant to 28 U.S.C. § 2255 is **denied,** and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/13/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana